IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICROSOFT CORPORATION, )
    Plaintiff, )
     )
  v. ) Civil No. 05-1710
     )
MARK FREDENBURG, )
    Defendant. )

MEMORANDUM and ORDER

Gary L. Lancaster,                            March 20, 2006
District Judge

      This is an action in copyright infringement. Plaintiff, Microsoft Corporation, alleges that defendant, Mark Fredenburg, distributed counterfeit Microsoft computer software in this judicial district. Plaintiff seeks injunctive relief and monetary damages. Plaintiff has filed a motion to strike defendant's second and twelfth affirmative defenses, alleging that they are legally insufficient and not adequately pled. For the reasons set forth below, the motion will be denied.

      In his answer, defendant asserted the affirmative defenses of unclean hands and copyright misuse.[1] Plaintiff claims that defendant's copyright misuse defense should be stricken as legally insufficient under Rule 12(f) because defendant has not alleged any nexus between plaintiff's alleged anti-competitive misuse and the controversy between the parties. In support of this nexus requirement, plaintiff cites cases from various out of

---

1. There is no dispute that the defense of copyright misuse is a species of the defense of unclean hands.

state district and circuit courts. However, such a nexus is not required in this jurisdiction.

The Court of Appeals for the Third Circuit, when it extended the patent misuse doctrine to copyright, noted that "[t]o defend on misuse grounds, the alleged infringer need not be subject to the purported misuse." Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc., 342 F.3d 191, 204 (3d Cir. 2003).[2] The Court of Appeals also recognized that the defense could operate beyond its traditional anti-competition context. Id. at 206. Under the correct appellate precedent, plaintiff's arguments regarding the legal insufficiency of defendant's copyright misuse defense are without merit.

For the same reasons, plaintiff's argument that defendant's second and twelfth affirmative defenses should be stricken under Rule 8(a) because defendant has not alleged any misconduct by plaintiff "that directly and adversely affected Defendant" fails. A defendant need not allege, or prove, such facts in order to succeed on a defense of copyright misuse in this jurisdiction.

An appropriate Order follows.

---

2. While plaintiff cites the underlying district court opinion in Video Pipeline, and even acknowledges that it was affirmed on appeal, it, inexplicably, does not discuss the highly relevant content of the Court of Appeals's opinion.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICROSOFT CORPORATION,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) Civil No. 05-1710<br>) |
| MARK FREDENBURG,<br>    Defendant. | )<br>) |

## ORDER

AND NOW, this 20th day of March, 2006, IT IS HEREBY ORDERED that plaintiff's motion to strike the second and twelfth affirmative defenses is DENIED.

BY THE COURT,

_____, J.

cc:   All Counsel of Record